THOMAS LEE v. THE STATE.

No. 2881.   Decided December 17, 1913.

Rehearing denied January 14, 1914.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of murder in the first degree, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Evidence—Other Transactions—Bill of Exceptions.**

Upon trial of murder, there was no error in admitting evidence as to the killing of another party not alleged in the indictment who was killed in the

same transaction as the one alleged in the indictment; besides, the bill of exceptions was defective.

**3.—Same—Evidence—Letter—Bill of Exceptions.**

Upon trial of murder, there was no error in admitting in evidence a certain written note by the defendant to the sheriff disclosing premeditation and formed design to kill; besides, the bill of exception was defective.

**4.—Same—Argument of Counsel—Bill of Exceptions.**

In the absence of a bill of exceptions to the argument of State's counsel, the same can not be considered on appeal.

**5.—Same—Insanity—Charge of Court.**

Where, upon trial of murder and a conviction of murder in the first degree with the death penalty, defendant pleaded insanity and introduced evidence thereunder, and his witnesses on cross-examination destroyed this plea, it was not necessary for the State to introduce witnesses on this subject, the court fully submitting the law on insanity.

Appeal from the District Court of Tarrant. Tried below before the Hon. James W. Swayne.

Appeal from a conviction of murder in the first degree; penalty, death. The opinion states the case.

*Phil O. Lopp* and *A. C. Heath* and *H. D. Payne,* for appellant.—On question of introducing letter and threats: Fossett v. State, 41 Crim. Rep., 400; Godwin v. State, 38 id., 466; Strange v. State, 38 id., 280; Holley v. State, 39 id., 301.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

In this case, as in all cases, when this punishment is inflicted, we have given most careful consideration to the entire record. It is punishment that ought never to be inflicted only in those instances where the testimony, to its fullest extent, meets the requirements of the law; but if the evidence justifies such punishment, then we have no right to stay the hands of the law, unless in the trial of the case there was some error committed which was prejudicial to the person on trial. In this case there are but three bills of exception. In the first bill of exceptions it is shown that appellant objected to the proof that he had killed Policeman Ogletree. The bill is so incomplete as to hardly call for review, but, inasmuch as the death penalty was assessed, we have read the entire record to determine whether or not this testimony ought to have been admitted. After reading the record we are of the opinion that it was admissible, as it is a part of the transaction occurring on that occasion.

The next bill complains of the action of the court in admitting a note sent by appellant to the sheriff of the county. This note discloses premeditation and a formed and fixed design to kill, and under such circumstances it was admissible. The third bill relates to the same

matter as the first bill, the killing of Ogletree. While it is true that appellant was being prosecuted for the killing of Walter Moore, yet the killing of officer Ogletree was so connected and incident to this offense as to render this evidence admissible.

There is no bill of exceptions in the record showing that the county attorney used the argument complained of in the motion for a new trial, consequently we can not review that ground in the motion.

The evidence amply supports the verdict. The record would disclose that appellant had gambled the night before with one Pete Soles, and lost his money. That he decided to kill Pete Soles, armed himself, and went to hunt for him, and when he found him he shot him. That Walter Moore had been a witness against him on a former occasion, and after shooting Pete Soles he said: "I know they are going to get me, and I am going to get as many of them as I can." That he went to the place where he found Walter Moore and said: "O, yes, I got you now," and shot and killed Walter Moore.

Defendant's plea was insanity. This plea was fully and fairly presented by the court, and in a way not complained of by appellant. But he says when he introduced this evidence on insanity, the State ought to have introduced some witnesses. When appellant's own witnesses, on cross-examination, would, in effect, destroy this plea, it was not necessary for the State to introduce other witnesses.

The judgment is affirmed.                                    *Affirmed.*

[Rehearing denied January 14, 1914.—Reporter.]