BOB EBBS V. THE STATE.

No. 9131.  Delivered December 16, 1925.

Rehearing denied February 10, 1926.

1.—Automobile Colliding with a Person—Information—Following Statute—
    Held, Sufficient.

Where an information for unlawfully and with gross negligence colliding with and injuring a person upon a highway in this state with an automobile substantially follows the language of the Statute, same is held sufficient, and appellant's motion to quash was properly overruled.

2.—Same—Evidence—Of Injury to Others—Properly Received.

Where it is shown that two other persons than the alleged injured party were riding with him in a truck, when collided with by appellant, there was no error in permitting the state to prove this fact, it being a part of the res gestae. Following Crews v. State, 31 S. W. 373; Lee v. State, 162 S. W. 843.

**3.—Same—Bill of Exceptions—Incomplete—No Error Presented.**

Where a bill of exception complains of the admission of a telephone conversation between the sheriff and a witness to the collision, but in no way discloses any reference to or injury to appellant in such conversation, the bill is insufficient to disclose any error.

ON REHEARING.

**4.—Same—Requested Charges—Properly Refused.**

Appellant insists on rehearing that the court erred in refusing several special charges requested by him. A careful examination of these charges, discloses that none of them presented correct propositions of law. This being a misdemeanor case, it was necessary not only that the omission in the main charge be called to the court's attention, by proper exceptions, but that correct special charges be requested to cure the omission.

Appeal from the County Court of Rockwall County. Tried below before the Hon. J. W. Reese, Judge.

Appeal from a conviction of unlawfully and with gross negligence, driving a motor vehicle upon a highway in this state and colliding with and causing injury to another person, penalty a fine of $100.00.

The opinion states the case.

*H. M. Wade* of Rockwall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the County Court of Rockwall County for the offense of unlawfully and with gross negligence driving a motor vehicle upon a highway of the state, colliding with and causing injury to W. L. Goodman, and his punishment assessed at a fine of $100.00.

The facts show that appellant while attempting to pass the alleged injured party on a public highway in Rockwall County permitted the car in which he was riding to collide with the truck in which the alleged injured party was riding, overturning the truck, and seriously injuring the alleged injured party.

By bill of exception number one appellant complains at the court's action in refusing to quash the complaint and information. The complaint and information is in substantially the language of the Statute and the motion to quash was properly overruled. The record discloses that Miss Nealy Covey and Mrs. S. W. Covey were riding in the car with Goodman, the alleged injured party and that they also received injuries in the collision.

By bill of exception number two appellant complains of the court's action in permitting the state to prove that these parties were also injured. This testimony was clearly a part of the res gestae and as such was admissible. Crews v. State, 31 S. W. 373; Lee v. State, 162 S. W. 843. The same question is raised in a little different form by bill of exception number three and our observations in regard to bill number two disposes of same against the appellant's contention.

Bill of exception number four complains of the court's action in permitting a witness to testify that about a week after the collision he had a conversation with the sheriff in which the sheriff told him over the telephone that he thought the man that hit Goodman was there. This witness was an eye-witness to the collision and it seems that there had been some difficulty in identifying the appellant as the man who caused the collision. This bill shows nothing more than what we have indicated above. It fails to show that the appellant was the party whom, the sheriff told witness he thought had caused the collision and we see no possible harm to the appellant in its admission. The same question is presented in practically the same form in bill number five and the views we have expressed with reference to bill number four dispose of bill number five contrary to appellant's contention.

We think the testimony is amply sufficient to support the verdict in the event the jury should adopt the state's theory of the case, and we therefore hold that the court did not err in refusing to peremptorily instruct the jury to acquit the defendant.

We have carefully considered the special charges offered by appellant and so far as they are in conformity with the law it is our opinion that they are fully covered by the court in his main charge to the jury.

Finding no error in the record it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—There is no merit we think in appellant's renewed contention that the judgment should be reversed

because the court permitted a witness to testify that about a week after the collision the sheriff telephoned him to come to Fate as he thought he had the man located who had hit Goodman. It is true this was hearsay but it is not every hearsay statement which demands a reversal. There being no issue at the trial relative to the identity of appellant, the admission of the testimony complained of was harmless.

In view of appellant's motion we have again examined the special charges requested, and think the court was not in error in refusing to give them. The first was a request for a peremptory instruction, which was properly refused; the second, in substance, requested the court to instruct the jury that if, because of the position in which appellant found himself at the time of the collision, he could not by the use of ordinary care have prevented the same after the danger was discovered by him he should be acquitted. This is not the law. It may have been the result of gross negligence which placed appellant in the position that brought about the collision. The third charge sought to have the jury instructed that if appellant's car collided with the car driven by Goodman, but that appellant "by accident or without any intent collided with Goodman's car they should acquit him." This charge was properly refused as it does not present a correct proposition of law. The fourth special charge sought to have the jury instructed as to the meaning of the term "gross negligence" which would not have been inappropriate, but coupled with it there is a concluding sentence by which it was sought to have the jury told that in order to convict they must find that the gross negligence, if any, "was the sole cause of the collision." We think this does not contain a correct proposition of law. There might have been other contributing causes, but if appellant was guilty of gross negligence in driving his car against that of the party injured the law does not demand that his negligence be the sole cause of the accident. This being a misdemeanor case it was necessary not only that the omission in the main charge be called to the court's attention by proper exception, but that correct special charges be requested to cure the omission. The charges refused not being correct, the learned trial judge was not in error in refusing to give them.

The motion for rehearing is overruled.

*Overruled.*